1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **CENTRAL DISTRICT OF CALIFORNIA**
10
11   LEANDRO LEONEL GONZALEZ,          )    NO. ED CV 08-0931 GHK (FMO)
                                        )
12              Petitioner,             )
                                        )
13        v.                            )    **ORDER ADOPTING FINDINGS,**
                                        )    **CONCLUSIONS AND RECOMMENDATIONS**
14   KELLY HARRINGTON, Warden,          )    **OF UNITED STATES MAGISTRATE JUDGE**
                                        )
15              Respondent.            )
                                        )
16   _____ )
17                      <u>**INTRODUCTION**</u>
18        On July 11, 2008, petitioner, a California state prisoner proceeding <u>pro se</u>, filed a Petition

19   for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.

20   On September 25, 2008, respondent filed an Answer to the Petition.  On November 12, 2008,

21   petitioner filed his Reply.

22        On March 11, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R"),

23   recommending that the one claim in the Petition be denied.  During the time period for the parties

24   to file Objections to the R&R, petitioner filed a Motion to Amend Petition, which the Magistrate

25   Judge granted.  The First Amended Petition ("FAP") was filed as of March 18, 2009, and the R&R

26   filed on March 11, 2009, was vacated.  (Court's Order of March 25, 2009).

27        On March 27, 2009, the Magistrate Judge issued an Amended Report and

28   Recommendation ("Amended R&R"), recommending that the claim in the original Petition (Ground

One) and the three new claims (Grounds Two through Four) in the FAP be denied.  On April 3, 2009, petitioner filed Objections to the R&R, apparently not realizing that the Magistrate Judge had vacated the original R&R.  On April 6, 2009, the Magistrate Judge issued an Order, treating petitioner's April 3, 2009, Objections as Objections to Ground One in the Amended R&R and giving petitioner additional time to file Supplemental Objections to the Amended R&R's findings and conclusions relating to Grounds Two through Four.  (Court's Order of April 6, 2009).  Thereafter, on April 17, 2009, petitioner filed his "Objection to Magistrate[']s Amended Report and Recommendation" ("Supp. Objections").

## **DISCUSSION**

In his Supp. Objections, petitioner contends that the Magistrate Judge did not give adequate attention to the claims in the FAP and hampered petitioner's ability to file points and authorities in support thereof.  (<u>See</u> Supp. Objections at 3-4).  Petitioner's contentions are unpersuasive.

Under Rule 2(c)(1)-(3) of the Rules Governing Section 2254 Cases in the United States District Courts, a petitioner must set forth his federal habeas claims, along with facts supporting each claim, with specificity.  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  <u>Mayle v. Felix</u>, 545 U.S. 644, 656, 125 S.Ct. 2562, 2570 (2005) (quoting 28 U.S.C. § 2243).  Thus, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court may dismiss the petition without ordering any additional pleadings.

Here, because Grounds Two through Four were barred by the statute of limitations, the Court could have dismissed those claims without ordering further briefing.  Instead, the Magistrate Judge elected to review the claims on the merits.  (<u>See</u> Amended R&R at 7 n. 5) (while "it appears that Grounds Two through Four are untimely[,] . . . the court will exercise its discretion to decide the case on the merits without reaching the timeliness issue[]"); (<u>see</u> <u>also</u> <u>id.</u> at 15-25).  In addition,

1    as demonstrated below, petitioner did not raise any issues in his Supp. Objections that indicate

2    or suggest a need for further briefing from the parties.

3        Petitioner contends that his sentence was illegally enhanced on the basis of

4    unconstitutional prior convictions and in violation of the Eighth Amendment's prohibition against

5    cruel and unusual punishment. (See Supp. Objections at 25-33). Although these arguments were

6    not presented to the Magistrate Judge, (compare id. with FAP at 5 & 10-23), the Court has

7    reviewed them and concludes that they are without merit. First, petitioner's contention that his

8    prior convictions were the result of involuntary pleas, (see Supp. Objections at 25-26), is

9    foreclosed by the Supreme Court's decision in Lackawanna County Dist. Attorney v. Coss, 532

10   U.S. 394, 403-04, 121 S.Ct. 1567, 1574 (2001). In Lackawanna, the Supreme Court held that:

11           once a state conviction is no longer open to direct or collateral attack in its

12           own right because the defendant failed to pursue those remedies while they

13           were available (or because the defendant did so unsuccessfully), the

14           conviction may be regarded as conclusively valid. If that conviction is later

15           used to enhance a criminal sentence, the defendant generally may not

16           challenge the enhanced sentence through a petition under § 2254 on the

17           ground that the prior conviction was unconstitutionally obtained.

18   Id. (internal citation omitted). Because petitioner is no longer in custody with respect to his prior

19   convictions, (see CT at 86-87), the convictions may not be collaterally attacked. The only explicit

20   exception to the rule announced in Lackawanna is for a "Gideon"[1] claim involving a total failure

21   to appoint counsel. See Lackawanna, 532 U.S. at 404, 121 S.Ct. at 1574. As petitioner's

22   involuntary plea claims do not implicate Gideon, his challenge to the constitutionality of his prior

23   convictions is directly foreclosed by Lackawanna.

24       Second, petitioner's assertion that his sentence is disproportionate to the crimes committed,

25   (see Supp. Objections at 28 & 30-31), is without merit. "The gross disproportionality principle

26   reserves a constitutional violation for only the extraordinary case." Lockyer v. Andrade, 538 U.S.

27

28   _____

     [1]   Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963).

3

63, 77, 123 S.Ct. 1166, 1175 (2003).  Here, petitioner's sentence of 50 years to life is neither "extreme" nor "grossly disproportionate" to the crimes of assault with a deadly weapon and exhibiting a deadly weapon to a police officer to resist arrest.  See id. (holding that two consecutive sentences of 25 years to life under California's Three Strikes law for two counts of petty theft with a prior conviction did not violate the Eighth Amendment); Ewing v. California, 538 U.S. 11, 30-31, 123 S.Ct. 1179, 1190 (2003) (concluding that a sentence of 25 years to life under the Three Strikes law for felony grand theft was not grossly disproportionate); Hawkins v. Dexter, 2009 WL 399986, at *7-9 (N.D. Cal. 2009) (concluding that a sentence of 80 years to life under the Three Strikes law for  residential burglary, robbery, assault with a deadly weapon, and evading a police officer was not grossly disproportionate).

Finally, the Amended R&R is amended as follows.  At page 19, lines 27-28, insert a footnote after the phrase, "the jury found two strike priors to be true[,]" which reads:

> At the close of the hearing, the trial court acknowledged that it, not the jury, found the two prior strikes to be true.  (See RT at 184-85) ("I misspoke. I did find those [prior strikes] true in a court trial, and everywhere I mentioned a jury I meant to say The Court's finding in a court [trial].").

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the First Amended Petition, all of the records herein, the Amended Report and Recommendation of the United States Magistrate Judge, and the Objections and Supplemental Objections to the Amended Report and Recommendation.  The Court has made a de novo determination of the portions of the Amended Report and Recommendation to which the Objections and Supplemental Objections were directed.  The Court concurs with and adopts the findings and conclusions of the Magistrate Judge.  Accordingly, IT IS ORDERED THAT:

1.     Judgment shall be entered denying the First Amended Petition and dismissing the action with prejudice.

/ / /

/ / /

1      2.     The Clerk shall serve copies of this Order and the Judgment herein on the parties.

2 DATED:  **6/11/2009.**

3

4 _____

5                GEORGE H. KING
          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28